IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION



FILED

January 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )
               APPELLEE,         )
                                 )        No. 02-C-01-9705-CR-00173
                                 )
                                 )        Shelby County
v.                               )
                                 )        Carolyn Wade Blackett, Judge
                                 )
                                 )        (Aggravated Robbery and
                                 )         Aggravated Assault)
DEMARCO BOWDERY AND              )
ANTHONY L. WELLS,                )
                                 )
               APPELLANTS.       )


FOR THE APPELLANTS:                      FOR THE APPELLEE:

Charles E. Waldman                       John Knox Walkup
Attorney at Law                          Attorney General & Reporter
147 Jefferson Avenue, Suite 1102         500 Charlotte Avenue
Memphis, TN 38103                        Nashville, TN 37243-0497
(Counsel for Bowdery)
                                         Deborah A. Tullis
Joseph S. Ozment                         Assistant Attorney General
Attorney at Law                          450 James Robertson Parkway
217 Exchange Avenue                      Nashville, TN 37243-0493
Memphis, TN 38103
(Counsel for Wells)                      William L. Gibbons
                                         District Attorney General
                                         201 Poplar Avenue, Suite 3-01
                                         Memphis, TN 38103

                                         Reginald Henderson
                                         Assistant District Attorney General
                                         201 Poplar Avenue, Suite 3-01
                                         Memphis, TN 38103


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellants, Demarco Bowdery and Anthony L. Wells (defendants), were convicted of aggravated robbery, a Class B felony, and aggravated assault, a Class C felony, by a jury of their peers. The trial court, finding the defendants were standard offenders, imposed the following Range I sentences as to both defendants: (a) a fine of $500 and confinement for eight (8) years in the Department of Correction for aggravated robbery, and (b) a fine of $500 and confinement for three (3) years in the Department of Correction for aggravated assault. The sentences are to be served concurrently. One issue is presented for review. The defendants contend the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that they are guilty of these offenses beyond a reasonable doubt. After a thorough review of the record, the briefs submitted by the parties, and the law governing this issue, this court is of the opinion the judgment of the trial court should be affirmed.

On November 14, 1995, at approximately 9:30 p.m., Michael L. Johnson took Marie Gillespie to her mother's residence. Ms. Gillespie's intention was to obtain her motor vehicle.

After dropping Ms. Gillespie off at her mother's house, Mr. Johnson started to exit the driveway. A light colored van pulled into the driveway. This prevented Mr. Johnson from leaving. Two of a total of four men initially approached his Nissan Pathfinder with shotguns. One of the perpetrators approached the driver's side of the vehicle, tapped on the glass window with the shotgun, and aimed the gun at his face. Mr. Johnson was ordered to exit the vehicle. He complied with this direction, and he gave the gunman his car keys. The gunman also asked for his money. Mr. Johnson gave him his wallet containing $160.

Ms. Gillespie was on the front porch of her mother's residence. A gunman ordered her to approach the Pathfinder. He told Ms. Gillespie he would kill Mr. Johnson if she did not follow his direction. When she complied, the gunman told her if anyone came to the front door, he would have to kill both Mr. Johnson and herself.

At least one of the four men entered the Pathfinder and started it. The Pathfinder

left the driveway in tandem with the van.

Officer Hawkins, a Memphis police officer, heard the broadcast regarding the crimes. He also heard another police officer broadcast a description of the vehicle taken and a description of those responsible for the crimes. While driving through a nearby neighborhood, he saw a Pathfinder matching the description of the stolen vehicle. It was parked in an odd position. He did not stop. Instead, he drove around the block. As he was approaching the location of the Pathfinder a second time, he saw a gray Oldsmobile Cutlass in front of him. The Cutlass slowed when it neared the Pathfinder and pulled to the opposite side of the street. The occupants of the Cutlass apparently saw Officer Hawkins's police cruiser behind them because they did not stop. When another police officer arrived, Officer Hawkins stopped the Cutlass. The vehicle was occupied by the driver and owner of the vehicle, Alonzo Woods, and three passengers, Bowdery, Wells, and Wells's brother, Eric Wells.

A police officer took Mr. Johnson and Ms. Gillespie to view the occupants of the Cutlass. Ms. Gillespie identified the defendants and Eric Wells as three of the people who had taken Johnson's wallet and vehicle. Ms. Gillespie and Mr. Johnson made courtroom identifications of the defendants.

Bowdery and Woods testified in support of Bowdery's defense. Both witnesses testified Woods, Bowdery, and the Wells brothers had been together since 2:30 p.m. They played cards and listened to music at the residence of a woman named Cynthia. Neither knew Cynthia's last name. She apparently was a friend of Woods's girlfriend. Woods was taking Bowdery and the Wellses home when Officer Hawkins stopped Woods's vehicle.

One or more of the perpetrators of the crimes in question was described as having gold teeth. The defense established that neither Woods nor Anthony L. Wells had gold capped teeth. However, the assistant district attorney general established the defendant Demarco Bowdery did have teeth with gold caps. The defendants were wearing dark clothing -- coats -- and one of them was wearing a plaid shirt, which Johnson and Gillespie had described to the police.

No physical evidence linking the defendants to the crimes in question was introduced into evidence. It appears the guns and the skull caps worn by the perpetrators

were not found. Also, the light colored van was never found.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

Before the defendants could be convicted of aggravated robbery, the State of

4

Tennessee was required to prove beyond a reasonable doubt the defendants (a) committed the offense of robbery as defined in Tenn. Code Ann. § 39-13-401 (1991 Repl.), and (b) accomplished the robbery with a deadly weapon. Tenn. Code Ann. §§ 39-13-402(a)(1) (1991 Repl.). The evidence contained in the record establishes the State of Tennessee established the elements of this offense and the identity of the defendants as participants in this crime beyond a reasonable doubt. A reasonable trier of fact could reasonably conclude from the evidence the defendants were guilty of aggravated robbery beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Before the defendants could be convicted of aggravated assault, the State of Tennessee was required to prove beyond a reasonable doubt the defendants (a) intentionally or knowingly committed an assault within the meaning of Tenn. Code Ann. § 39-13-101, and (b) used or displayed a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(B) (1991 Repl.). The evidence contained in the record establishes the State of Tennessee proved the elements of this offense and the identity of the defendants as participants in this crime beyond a reasonable doubt. Again, a reasonable trier of fact could reasonably conclude from the evidence the defendants were guilty of aggravated assault beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, supra.


_____
        JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
        JERRY L. SMITH, JUDGE


_____
        CURWOOD WITT, JUDGE